# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KAK INDUSTRY, LLC, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RADICAL FIREARMS, LLC, a Texas limited liability company, | ) ) ) |
| Defendant. | ) ) ) |

## FIRST AMENDED COMPLAINT

Plaintiff KAK INDUSTRY, LLC ("Plaintiff" or "KAK"), for its complaint against defendant RADICAL FIREARMS, LLC ("Defendant," "Radical Firearms" or "RF"), alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are completely diverse from each other and more than $75,000 is at issue.

2. This Court has personal jurisdiction over Radical Firearms as it transacted business in Missouri by doing business in Missouri and entering into a contract, or multiple contracts, with KAK, a citizen of Missouri, for the manufacturing of goods in Missouri and delivery across state lines from Missouri and/or has otherwise personally availed itself of the laws and protections of the State of Missouri where Plaintiff's causes of action arise out of or are sufficiently related to Radical Firearms' contacts to Missouri, such that it is be reasonable to exercise jurisdiction over Radical Firearms in the State of Missouri.

3. Venue is proper pursuant to 28 U.S.C. § 1319(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## THE PARTIES

4. Plaintiff, KAK Industries LLC, is a Missouri limited liability company with its principal place of business in Lee's Summit, Missouri. Plaintiff's sole member, Kurt Kossman, is a citizen of Missouri and resides in Albany, Missouri. KAK is in the business of manufacturing precision parts for other manufacturers, including manufacturers of firearms.

5. Defendant, Radical Firearms, LLC, is a Texas limited liability company with its principal place of business in Stafford, Texas. Radical Firearms' sole member, Kyle Richie, is a citizen of Texas. Radical Firearms is a manufacture of firearms.

## GENERAL ALLEGATIONS

6. This action is for breach of contract as well as an action on account, promissory estoppel and declaratory relief regarding the quality of KAK's products sold to Radical Firearms.

7. The terms and conditions of the parties' agreements include each individual purchase order ("PO") issued by Radical Firearms to KAK, KAK's acceptance thereof and corresponding invoice(s) issued by KAK as well as KAK's Standard Terms and Conditions of Sale. KAK's Standard Terms and Conditions of Sale, which were incorporated into each accepted PO and correspondence invoice(s), and are attached hereto as Exhibit 1 and incorporated herein by this reference.

8. Since 2019, pursuant to the parties' purchase order agreements, KAK has shipped and invoiced to Radical Firearms nearly $8 million in product, including over $1 million in product in 2023, not inclusive of outstanding purchase orders.

9. In reliance on Radical Firearms' purchase orders and to ensure KAK could meet its commitments to Radical Firearms, KAK altered its manufacturing processes, including allocations of materials, engagement of outside processing, and hiring and/or maintaining appropriate labor and inventory, as well as did not pursue or declined other opportunities given KAK's manufacturing capacity in light of KAK's pre-existing commitments, including commitments to Radical Firearms.

10. Radical Firearms enjoyed special pricing from KAK due to the quantities of goods ordered and the reoccurring nature of Radical Firearm's purchase orders. Cancelled orders and returned items, whether due to existing inventory or inability to pay, has caused injury to KAK, including a failure of expectations based on, *inter alia,* the underlying cost of goods sold to Radical Firearms.

11. As of November 2, 2023, Radical Firearms had an unpaid outstanding balance owed to KAK of approximately $493,877.00 for goods shipped and invoiced to Radical Firearms pursuant to KAK's standard terms and conditions.

12. In addition, Radical Firearms has multiple open purchase orders, including for product that Radical Firearms ordered and without justification either cancelled or put on hold or received and returned in light of Radical Firearms' outstanding accounts receivable.

13. Below is a list of open purchase orders, when they were issued by Radical Firearms, the amount shipped and invoiced by KAK, and the outstanding balances for unshipped product for which KAK committed itself to manufacture:

    a. RF PO No. 76877 – Issued in 2021: $500,000 PO for 50,000 ambidextrous selectors; KAK shipped and invoiced 35,000 selectors to Radical Firearms before receiving a stop shipment request with a $150,000 open balance.

b. RF PO No. 86262 – Issued in 2022: $135,000 PO for 3,000 lower parts kits; KAK shipped and invoiced 1,500 units before receiving a stop shipment request with a $67,500 open balance.

c. RF PO No. 99162 – Issued in 2022: $675,000 PO for 25,000 lower parts kits; KAK shipped and invoiced 153,000 units before receiving a stop shipment request with a $261,900 open balance.

d. RF PO No. 99163 – Issued in 2022: $342,000 PO for 120,000 flash hiders; KAK shipped 57,700 units before receiving a stop shipment request with a $21,000 open balance.

e. RF PO No. 99165 – Issued in 2022: $51,500 PO for 10,000 forward assist assemblies; KAK Shipped 6,300 units before receiving a stop shipment request with a $19,055 open balance.

f. RF PO No. 100131 – Issued in 2022: $195,000 PO for 50,000 buffers; KAK shipped 41,000 units before receiving a stop shipment request with a $35,100 open balance.

g. RF PO No. 111130 – Issued in 2023: $552,000 PO for 12,000 BCGs; KAK shipped 9,000 units before receiving a stop shipment request with a $138,000 open balance.

h. RF PO No. 111731 – Issued in 2023: $97,500 PO for 78,000 castle nuts; KAK shipped 16,000 before receiving a stop shipment request with a $77,500 open balance.

14. In total, Radical Firearms has open purchase orders in the amount of $770,055.

15. Over the course of 5 years, Radical Firearms requested, and KAK has issued, four (4) Return Merchandize Authorizations ("RMA"), as indicated below:

- RMA No. 619 for the return of non-defective product (uncoated buffer tubes that Radical Firearms could not anodize on their own and requested a return)—credit given; parts were resold.

- RMA No. 767 for the return of 21 bolt carrier groups ("BCGs") as "defective" (upon inspection, 11 were found non-defective while 10 had minor issues and were repaired and placed back in inventory)—credit given; parts were resold.

- RMA No. 804 for the return of 500 BCGs after payment requests were rebuffed by Radical Firearms (two boxes were opened; only 497 units returned)—credit given; parts were resold.

- RMA No. 806 for the return of 500 BCGs after payment requests were rebuffed by Radical Firearms (all 500 boxes were returned unopened)—credit given; parts were resold.

16. KAK has lost profits from the lost sales of the returned items, as KAK would have made the third-party sales from other inventory if Radical Firearms had not returned conforming goods but accepted delivery, even if any goods needed replacement.

17. Over the course of 5 years, KAK was not aware any product defects and was not made aware of any alleged quality issues other than with respect to the 21 BCGs (RMA No. 767) at or near the time KAK's payment requests were rebuffed by Radical Firearms.

18. Based on the parties' course of dealing, Radical Firearms had an overall return rate of 0.001%. With respect to BCGs, Radical Firearms had a return rate of 0.02%. These return rates are inclusive of returns of conforming/non-defective goods.

19. Radical Firearms responded aggressively to KAK's November 6, 2023 request that it become current with accounts receivable. Among other things, Radical Firearms threatened to file for bankruptcy and to pay others before paying KAK as a means of trying to pressure KAK to make financial accommodations or to delay collection efforts. Radical Firearms also fabricated a claim that KAK had a history of shipping defective product to Radical Firearms, even though (a) Radical Firearms had a 0.001% overall return rate, inclusive of a 0.02% return rate of BCGs, and (b) only 10 BCGs of the 1,018 recently returned BSCs had any issues upon inspection (albeit minor issues) with Radical Firearms apparently keeping 3 units before rebuffing KAK's payment requests.

20. On November 21, 2023, KAK's counsel received a letter from Radical Firearms' counsel that generally reiterated Radical Firearms' unsupported claim of product defects as a means of trying to obtain an offset. Among other things, the letter claimed there were "14 instances" where "products supplied by KAK Industries, ranging from lower part kits to bolt carrier groups," supposedly had been "delivered in a faulty condition," allegedly resulting in previously unreported and still unspecified damages to Radical Firearms.

21. Of course, prior to KAK's request for Radical Firearms to make payments on its outstanding A/R, there had been no product defect or faulty products claims made to KAK. In fact, with one limited exception, KAK's investigation of Radical Firearms' counsel's claim did not turn up any prior correspondence from Radical Firearm alleging any product defect or product delivered in a faulty condition, let alone "14 instances" of such an occurrence.

22. This is not the first time that Radical Farms has sought to avoid its payment obligations by advancing claims for offsets or to avoid or reduce obligations. Radical Firearms has a growing reputation for making false claims to avoid payment obligations.

23. Any and all conditions before commencing litigation have been performed or excused.

## FIRST CAUSE OF ACTION

### Breach of Contract Against Radical Firearms

24. Plaintiff alleges Paragraph 1 through 23 of this Complaint as set forth herein full.

25. In or about 2019, KAK and Radical Firearms entered into a business relationship for the sale of goods where KAK would manufacture and sell to Radical Firearms parts for inclusion in guns manufactured by Radical Firearms pursuant to Radical Firearms' purchase orders and KAK's acceptance thereof and its Standard Terms and Conditions of Sale. Among other things, it was agreed that KAK would invoice Radical Firearms when and as parts were shipped to Radical Firearms under its open purchase orders and Radical Firearms would timely pay KAK for the invoiced goods within 30 days of receipt of an invoice. It was further agreed that Radical Firearms would be and remain responsible to KAK, subject to KAK's mitigation of damages, for all ordered but cancelled or returned goods and un-invoiced items ordered by Radical Firearms pursuant to the parties' purchase order agreements.

26. KAK has performed its obligations under the parties' purchase order agreements. Among other things, KAK adjusted its manufacturing processes to accommodate Radical Firearms' reoccurring purchase orders. It purchased inventory, tooled or retooled its equipment and/or employed labor necessary to satisfy Radical Firearms' purchase orders. And pursuant to the parties' agreements, KAK timely shipped and invoiced products to Radical Firearms for payment.

27. Radical Firearms has breached the parties' purchase order agreements, including KAK's Standard Terms and Conditions of Sale. Among other things, Radical Firearms has

failed to timely pay invoices for ordered products shipped to and kept by Radical Firearms, with an outstanding principal balance and aging A/R of $374,290. Radical Firearms has also refused shipment, returned conforming goods and/or repudiated its obligation to fulfill outstanding purchase orders resulting in lost sales of approximately $879,642.

28. As a direct and proximate result of Radical Firearms' breaches of contract, KAK has suffered damages according to proof at trial, including but not limited to $374,290 in product Radical Farm accepted delivery and kept, lost profits from the lost $879,642 in expected and agreed upon sales to Radical Firearms, and 1.5% interest per month on any past due invoice (*i.e.,* any invoice not paid after 30 days) pursuant to the parties' purchase order agreements.

29. Pursuant to the parties' purchase order agreements, including KAK's Standard Terms and Conditions of Sale, KAK is entitled to recover all "costs, fees, and expenses, including but not limited to recovery of attorney fees, court costs and fees, and collection costs" as a result of Radical Firearms' breach of contract. Plaintiff also prays for post judgment interest pursuant to the parties' agreements or as otherwise permitted by law.

## SECOND CAUSE OF ACTION

### Common Count – Action on Account – Against Radical Firearms

30. Plaintiff alleges Paragraph 1 through 29 of this Complaint as set forth herein full.

31. In or about 2019, KAK and Radical Firearms entered into a business relationship for the sale of goods where KAK would manufacture and sell to Radical Firearms parts for inclusion in guns manufactured by Radical Firearms pursuant to Radical Firearms' purchase orders and KAK's acceptance thereof and its Standard Terms and Conditions of Sale. Among other things, it was agreed that KAK would invoice Radical Firearms when and as parts were shipped to Radical Firearms under its open purchase orders and Radical Firearms would timely

pay KAK for the invoiced goods within 30 days of receipt of an invoice. It was further agreed that Radical Firearms would be and remain responsible to KAK, subject to KAK's mitigation of damages, for all ordered but cancelled or returned goods and un-invoiced items ordered by Radical Firearms pursuant to the parties' purchase order agreements.

32. KAK has performed its obligations under the parties' purchase order agreements. Among other things, KAK adjusted its manufacturing processes to accommodate Radical Firearms' reoccurring purchase orders. It purchased inventory, tooled or retooled its equipment and/or employed labor necessary to satisfy Radical Firearms' purchase orders. And pursuant to the parties' agreements, which created open accounts in which financial transactions between the parties were recorded, including as evidenced by Radical Firearms' open PO Nos. 76877, 86262, 99162, 99163, 99165, 100131 and 111130, KAK timely shipped and invoiced products to Radical Firearms for payment. The unpaid or resolved invoices include Invoice Nos. 11977, 12517, 12519, 12533, 12555, 12556, 12557, 12578, 12597, 12615, 12629, 12633, 12646, 12708, 12752, 12760, 12767, 12788, 12807, 12808, 12812, 12847, 12912, and 13012.

33. Radical Firearms has breached the parties' purchase order agreements, including KAK's Standard Terms and Conditions of Sale. Among other things, Radical Firearms has failed to timely pay invoices for ordered products shipped to and kept by Radical Firearms, with an outstanding principal balance and aging A/R of $374,290. Radical Firearms has also refused shipment, returned conforming goods and/or repudiated its obligation to fulfill outstanding purchase orders resulting in lost sales of approximately $879,642.

34. As a direct and proximate result of Radical Firearms' breaches of contract, KAK has suffered damages according to proof at trial, including but not limited to $374,290 in product Radical Farm accepted delivery and kept, lost profits from the lost $879,642 in expected and

agreed upon sales to Radical Firearms, and 1.5% interest per month on any past due invoice (*i.e.,* any invoice not paid after 30 days) pursuant to the parties' purchase order agreements. In addition or in the alternative, Radical Firearms has been unjustly enriched from KAK's delivery of invoiced but unpaid for goods for which it should be held responsible; it should also be held responsible for the open purchase orders due to KAK's reasonable and detrimental reliance.

35. Pursuant to the parties' purchase order agreements, including KAK's Standard Terms and Conditions of Sale, KAK is entitled to recover all "costs, fees, and expenses, including but not limited to recovery of attorney fees, court costs and fees, and collection costs" as a result of Radical Firearms' breach of contract. Plaintiff also prays for its attorneys' fees and for post judgment interest pursuant to the parties' agreement or 10% per annum or as otherwise permitted by law.

## THIRD CAUSE OF ACTION[1]

**Promissory Estoppel Against Radical Firearms**

36. Plaintiff alleges Paragraph 1 through 23 of this Complaint as set forth herein full.

37. In or about 2019, KAK and Radical Firearms entered into a business relationship for the sale of goods where KAK would manufacture and sell to Radical Firearms parts for inclusion in guns manufactured by Radical Firearms pursuant to Radical Firearms' purchase orders and KAK's acceptance thereof and its Standard Terms and Conditions of Sale. Among other things, it was agreed that KAK would invoice Radical Firearms when and as parts were shipped to Radical Firearms under its open purchase orders and Radical Firearms would timely pay KAK for the invoiced goods within 30 days of receipt of an invoice. It was further agreed that Radical Firearms would be and remain responsible to KAK, subject to KAK's mitigation of

---

[1] This Cause of Action is pled in the alternative, in the event or to the extent it is determined there was no binding contract between the parties.

damages, for all ordered but cancelled or returned goods and un-invoiced items ordered by Radical Firearms pursuant to the parties' purchase order agreements.

38. KAK has performed its obligations. KAK detrimentally relied on Radical Firearms promises to enact measures to accommodate Radical Firearms' reoccurring purchase orders. It purchased inventory, tooled or retooled its equipment and/or employed labor necessary to satisfy Radical Firearms' purchase orders. And based on Radical Firearms' promises, KAK timely shipped products to Radical Firearms for payment. Radical Firearms should have or did in fact clearly foresee the actions taken by KAK in reliance on its promises.

39. Radical Firearms has repudiated its promises of payment, including KAK's Standard Terms and Conditions of Sale. Among other things, Radical Firearms has failed to timely pay invoices for ordered products shipped to and kept by Radical Firearms, with an outstanding principal balance and aging A/R of $374,290. Radical Firearms has also refused shipment, returned conforming goods and/or repudiated its obligation to fulfill outstanding purchase orders resulting in lost sales of approximately $879,642.

40. As a direct and proximate result of Radical Firearms' repudiation of its promises to KAK, KAK has suffered damages according to proof at trial, including but not limited to $374,290 in product Radical Farm accepted delivery and kept, lost profits from the lost $879,642 in expected and agreed upon sales to Radical Firearms, and 1.5% interest per month on any past due invoice (i.e., any invoice not paid after 30 days) pursuant to the parties' purchase order agreements. In addition or in the alternative, Radical Firearms has been unjustly enriched from KAK's delivery of invoiced goods for which it should be held responsible; it should also be held responsible for the open purchase orders due to KAK's reasonable and detrimental reliance. Injustice can only be avoided by enforcing Radical Firearm's promises.

41. In addition to the compensatory damages it has suffered, KAK should be awarded all costs, fees, and expenses, including but not limited to recovery of attorney fees, court costs and fees, and collection costs, plus pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION

**Declaratory Relief re: Confirming Goods Against Radical Firearms**

42. Plaintiff alleges Paragraph 1 through 23 of this Complaint as set forth herein full.

43. In or about 2019, KAK and Radical Firearms entered into a business relationship for the sale of goods where KAK would manufacture and sell to Radical Firearms parts for inclusion in guns manufactured by Radical Firearms pursuant to Radical Firearms' purchase orders and KAK's acceptance thereof and its Standard Terms and Conditions of Sale. Among other things, it was agreed that KAK would invoice Radical Firearms when and as parts were shipped to Radical Firearms under its open purchase orders and Radical Firearms would timely pay KAK for the invoiced goods within 30 days of receipt of an invoice. It was further agreed that Radical Firearms would be and remain responsible to KAK, subject to KAK's mitigation of damages, for all ordered but cancelled or returned goods and un-invoiced items ordered by Radical Firearms pursuant to the parties' purchase order agreements.

44. KAK has performed its obligations under the parties' purchase order agreements. Among other things, KAK adjusted its manufacturing processes to accommodate Radical Firearms' reoccurring purchase orders. It purchased inventory, tooled or retooled its equipment and/or employed labor necessary to satisfy Radical Firearms' purchase orders. And pursuant to the parties' agreement, KAK timely shipped and invoiced products to Radical Firearms for payment.

45. Radical Firearms has breached the parties' purchase order agreements, including KAK's Standard Terms and Conditions of Sale. Among other things, Radical Firearms has failed to timely pay invoices for ordered products shipped to and kept by Radical Firearms, with an outstanding principal balance and aging A/R of $374,290. Radical Firearms has also refused shipment, returned conforming goods and/or repudiated its obligation to fulfill outstanding purchase orders resulting in lost sales of approximately $879,642.

46. As a direct and proximate result of Radical Firearms' breaches of contract, KAK has suffered damages according to proof at trial, including but not limited to $374,290 in product Radical Farm accepted delivery and kept, lost profits from the lost $879,642 in expected and agreed upon sales to Radical Firearms, and 1.5% interest per month on any past due invoice (i.e., any invoice not paid after 30 days) pursuant to the parties' purchase order agreements.

47. In response to KAK's efforts to obtain payment from Radical Firearms, Radical Firearms has made uncorroborated claims of product defects and/or products delivered in faulty condition in an apparent effort to concoct or manufacture an offset or a claim for damages to Radical Firearms' "business reputation" or "brand image" for allegedly selling non-conforming or defective firearms incorporating KAK parts—an allegation that is not supported by any prior or contemporaneous correspondence and was first raised by Radical Firearms and learned of by KAK in response to KAK's attempt to obtain payment from Radical Firearms after Radical Firearms' threat of bankruptcy and disparate treatment of creditors apparently did not have the desired result of delaying KAK's efforts to obtain payment or a payment plan.

48. KAK denies that Radical Firearms' reputation or brand images has been adversely affected in any way by KAK or that Radical Firearms, based on emerging discovery, even has a

"business reputation" or "brand image" that could have been harmed as claimed. In sum, Radical Firearms' contention has no basis in fact or law.

49. By virtue of the false claim, an actual case and controversy now exists over whether goods manufactured by KAK and shipped to and not returned by Radical Firearms were defective or delivered in a faulty condition and harmed Radical Firearms in any way.

50. An actual case and controversy also exist as to whether Radical Firearms, including by taking delivery of goods from KAK and utilizing them in production presumably after KAK's parts passed inspection, is the sole and proximate cause of any harm to Radical Firearms' "business reputation" or "brand image." KAK further claims that any utilization of KAK's conforming and/or non-returned goods after passing inspection or after a full opportunity to inspect the goods for their desired purpose constitutes a superseding cause to any alleged reputational injury, having deprived KAK of the opportunity to defend itself or inspect the allegedly defective goods before mass, in bulk or other utilization by Radical Firearms.

51. Pursuant to the parties' purchase order agreements, including KAK's Standard Terms and Conditions of Sale, KAK is entitled to recover all "costs, fees, and expenses, including but not limited to recovery of attorney fees, court costs and fees, and collection costs" as a result of Radical Firearms' breach of contract. Plaintiff also prays for post judgment interest pursuant to the parties' agreement or 10% per annum or as otherwise permitted by law.

**WHEREAS**, Plaintiff prays for judgment against Radical Firearms as follows:

1. Monetary judgment according to proof at trial, including but not limited to recovery of Radical Firearms' outstanding account receivable of $374,290, lost profits from the lost but agreed upon $879,642 in sales, and pre-judgment interest.

2. An award of all costs and attorneys' fees.

3. An award of post-judgment interest.

4. A judgment declaring that KAK did not sell any defective or faulty product utilized by Radical Firearms in manufacturing firearms at least that Radical Firearms did not return to KAK pursuant to the parties' purchase order agreements and that Radical Firearms did not suffer any harm, including to its business reputation or brand, from the goods delivered by KAK and not returned but utilized by Radical Firearms.

5. Any and all other relief deemed appropriate by the Court.

Dated: December 6, 2023               /s/ William J. Dorsey

                                    William J. Dorsey
BLANK ROME LLP
444 West Lake Street, Ste. 1650
Chicago, IL 60606
Telephone: 312-776-2598
Fax: 312-277-3538
william.dorsey@blankrome.com

Todd M. Malynn
(*Upon Pro Hac Vice Admission*)
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424-239-3400
Fax: 424-239-3434
todd.malynn@blankrome.com

*Attorneys for Plaintiff*
*KAK Industry, LLC*