**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **KAK INDUSTRY, LLC, A MISSOURI LIMITED LIABILITY COMPANY,** | § § § | |
| *Plaintiff*, | § § | |
| | § | **Case No. 4:23-cv-00875-BP** |
| **v.** | § § | |
| **RADICAL FIREARMS, LLC, A TEXAS LIMITED LIABILITY COMPANY,** | § § § | |
| *Defendant*. | § § | |

## DEFENDANT RADICAL FIREARMS, LLC'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE, AND/OR ALTERNATIVELY MOTION TO TRANFER VENUE

J. Christopher Dean
Texas Bar No. 00793596 (*admitted pro hac vice*)
**DEAN LAW FIRM**
1201 Shepard Drive
Houston, Texas 77007
Email: dean@jamesdeanlaw.com

J. Todd Trombley
Texas Bar No. 24004192 (*admitted pro hac vice*)
**THE TROMBLEY LAW FIRM, PLLC**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Email: todd@trombleylaw.com

Brett C. Randol
Missouri Bar No. 57699
**ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.**
5250 West 116th Place, Suite 400
Overland Park, Kansas 66211
Email: brandol@rousepc.com

**ATTORNEYS FOR DEFENDANT RADICAL FIREARMS, LLC**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................... ii

INDEX OF AUTHORITIES ........................................................................................ v

SUMMARY OF SUGGESTIONS ............................................................................... 1

    A.  Personal Jurisdiction .................................................................................... 1

        The Court cannot exercise <u>specific</u> personal jurisdiction
        over Radical in the State of Missouri because Radical
        has no minimum contacts with Missouri and exercising
        jurisdiction over Radical would offend traditional notions
        of fair play and substantial justice .................................................. 1

        The Court cannot exercise <u>general</u> personal jurisdiction
        over Radical in the State of Missouri because Radical
        has no continuous or systematic contacts with the forum state ................... 1

        The Missouri long arm statute does not reach Radical; therefore,
        personal jurisdiction cannot be maintained in this Court ................ 2

    B.  Venue ............................................................................................................. 2

        Radical does not reside in the Western District of Missouri;
        therefore, venue is improper under § 1391(b)(1) of the
        United States Code.  28 U.S.C.A. § 1391(b)(1) (West 2023) ....................... 2

        The Western District of Missouri is not the judicial district
        in which a substantial part of the events or omissions giving
        rise to the claim occurred, or a substantial part of property
        that is the subject of the action is situated; therefore,
        venue is improper under § 1391(b)(2) of the United
        States Code.  28 U.S.C.A. § 1391(b)(2) (West 2023) .................................. 2

        For the convenience of parties and witnesses and in the
        interest of justice, Radical's motion to transfer venue
        under § 1404(a) of the United States Code should be granted.
        28 U.S.C.A. § 1391(b)(1) (West 2023) ........................................................ 2

STATEMENT OF FACTS .......................................................................................... 2

SUPPORTING SUGGESTIONS ................................................................................3

I.    The Court cannot exercise <u>specific</u> personal jurisdiction over Radical
      in the State of Missouri because Radical has no minimum contacts
      with Missouri and exercising jurisdiction over Radical would offend
      traditional notions of fair play and substantial justice ...................................3

      A. Controlling Law ......................................................................................3

      B. This case should be dismissed for lack of specific personal
         jurisdiction because Radical has no "minimum contacts" with
         the State of Missouri.  Exercising specific personal jurisdiction
         over Radical in the State of Missouri will offend "traditional notions
         of fair play and substantial justice" and violate Radical's
         due process rights under the 14th Amendment ...................................5

II.   The Court cannot exercise <u>general</u> personal jurisdiction over Radical
      in the State of Missouri because Radical has no continuous and
      systematic contacts with the forum state ......................................................9

      A. Controlling Law ......................................................................................9

      B. Radical is not "at home" in Missouri because it is a Texas
         corporate entity and its principal place of business is in Texas;
         therefore, this Court should dismiss this case for lack of
         personal jurisdiction ...............................................................................9

III.  The Missouri long arm statute does not reach Radical; therefore,
      personal jurisdiction cannot be maintained in this Court ............................10

      A. Controlling Law ....................................................................................10

      B. Radical never made any contract with KAK in the State of Missouri ............11

      C. Radical has not transacted business within Missouri to
         subject itself to the reach of Missouri's long arms statute ..............12

IV.   Radical does not reside in the Western District of Missouri;
      therefore, venue is improper under § 1391(b)(1) of the
      United States Code.  28 U.S.C.A. § 1391(b)(1) (West 2023) ......................12

**V.** The Western District of Missouri is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; therefore, venue is improper under § 1391(b)(2) of the United States Code.  28 U.S.C.A. § 1391(b)(2) (West 2023) ............................................................................13

**VI.** For the convenience of parties and witnesses and in the interest of justice, Radical's motion to transfer venue under § 1404(a) of the United States Code should be granted.  28 U.S.C.A. § 1391(b)(1) (West 2023) ............................................................................13

CONCLUSION AND PRAYER ..................................................................15

CERTIFICATE OF SERVICE ..................................................................17

# INDEX OF AUTHORITIES

**CASES:**

*Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*,
558 F.2d 450, 455 (8th Cir.1977) ................................................................6, 9, 15

*Babb v. Bartlett*,
638 S.W.3d 97, 107 (Mo. Ct. App. 2021)................................................. 8, 11-12

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 472 (1985).................................................................. passim

*Creative Calling Solutions, Inc. v. LF Beauty Ltd.*,
799 F.3d 975, 980 (8th Cir. 2015) ...........................................................4

*Daimler AG v. Bauman*,
571 U.S. 117, 137-39 (2014) ............................................................ 9-10

*Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*,
702 F.3d 472, 478–79 (8th Cir. 2012) ...................................................6, 10

*Hawkeye Gold, LLC v. China Nat'l Materials Ind.*,
89 F.4th 1023, 1032 (8th Cir. 2023) .................................................. passim

*International Shoe Co. v. Washington*,
326 U.S. 310, 320 (1945)...............................................................3, 4

*Worldwide Volkswagen Corp v. Woodson*,
444 U.S. 286 (1980).......................................................................9

**U.S. CONSTITUTION:**

U.S. CONST. amend. XIV .................................................................. passim

**STATUTES:**

28 U.S.C.A. § 1391(b)(1) (West 2023)..................................................2, 12

28 U.S.C.A. § 1391(b)(2) (West 2023)..................................................2, 13

28 U.S.C.A. § 1404(a) (West 2023).....................................................2, 13

MO. REV. STAT. ANN. § 506.500.1(1)-(2) (West 2023) ..................................10

**RULES:**

FED. R. CIV. P. 12(b)(2) .......................................................................................1, 2, 15

FED. R. CIV. P. 12(b)(3) .......................................................................................1, 2, 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KAK INDUSTRY, LLC, A MISSOURI** § | |
| **LIMITED LIABILITY COMPANY,** § | |
| § | |
| *Plaintiff*, § | |
| § | **Case No. 4:23-cv-00875-BP** |
| **v.** § | |
| § | |
| **RADICAL FIREARMS, LLC, A TEXAS** § | |
| **LIMITED LIABILITY COMPANY,** § | |
| § | |
| *Defendant*. § | |

## DEFENDANT RADICAL FIREARMS, LLC'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE, AND/OR ALTERNATIVELY MOTION TO TRANFER VENUE

COMES NOW, Defendant Radical Firearms, LLC ("Radical") and presents: (1) its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction; (2) its Rule 12(b)(3) motion to dismiss for improper venue; and/or, alternatively, (3) its motion to transfer venue under § 1404(a) of the United States Code. In support of these motions, Radical will respectfully show this Court the following:

## SUMMARY OF SUGGESTIONS

**A. Personal Jurisdiction.**

Radical's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction should be granted for the following reasons:

I.   **The Court cannot exercise <u>specific</u> personal jurisdiction over Radical in the State of Missouri because Radical has no minimum contacts with Missouri and exercising jurisdiction over Radical would offend traditional notions of fair play and substantial justice.**

II.  **The Court cannot exercise <u>general</u> personal jurisdiction over Radical in the State of Missouri because Radical has no continuous or systematic contacts with the forum state.**

**III.** **The Missouri long arm statute does not reach Radical; therefore, personal jurisdiction cannot be maintained in this Court.**

**B. Venue.**

Radical's Rule 12(b)(3) motion to dismiss for improper venue and its motion to transfer venue should be granted for the following reasons:

**IV.** **Radical does not reside in the Western District of Missouri; therefore, venue is improper under § 1391(b)(1) of the United States Code. 28 U.S.C.A. § 1391(b)(1) (West 2023).**

**V.** **The Western District of Missouri is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; therefore, venue is improper under § 1391(b)(2) of the United States Code. 28 U.S.C.A. § 1391(b)(2) (West 2023).**

**VI.** **For the convenience of parties and witnesses and in the interest of justice, Radical's motion to transfer venue under § 1404(a) of the United States Code should be granted. 28 U.S.C.A. § 1391(b)(1) (West 2023).**

The evidence and suggestions (argument) supporting each of these points are discussed below. Based on this evidence and suggestions, Radical respectfully requests that: (1) its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction be granted; (2) its Rule 12(b)(3) motion to dismiss for improper venue be granted; and/or, alternatively, that its motion to transfer venue under § 1404(a) of the United States Code be granted and this case be transferred to the Houston Division of the Southern District of Texas.

## STATEMENT OF FACTS

This case involves a dispute between a firearms manufacturer, Defendant Radical Firearms, LLC ("Radical") and KAK Industry, LLC ("KAK"), a supplier of component firearm parts. In 2019, KAK approached Radical to discuss KAK's desire to sell Radical certain components parts to install in Radical's rifle system (for example, rifle muzzle components and lower parts

2

kit). Radical agreed to purchase those items. Thereafter, KAK approached Radical to sell Radical

KAK's bolt carrier groups ("BCG's") to install in certain Radical rifle systems. Between 2020

and 2023, KAK shipped over 15,000 BCG's to Radical. Over that same time, Radical installed

almost all the BCG's supplied by KAK into its rifle systems and, in turn, sold all those rifles. KAK

has filed suit against Radical in the Western District of Missouri, claiming that Radical allegedly

owes KAK hundreds of thousands of dollars in unpaid invoices for a number of BCG's. **Doc. # 5**.

Radical disputes the allegations by KAK; however, before Radical can file an answer, this Court

must address the jurisdictional and venue issues presented by this case. As detailed below, this

Court does not have personal jurisdiction over Radical in the State of Missouri. Venue is also

improper and the case should be dismissed and/or transferred to the Houston Division of the

Southern District of Texas.

<u>SUPPORTING SUGGESTIONS</u>

I. **The Court cannot exercise <u>specific</u> personal jurisdiction over Radical in the State of Missouri because Radical has no minimum contacts with Missouri and exercising jurisdiction over Radical would offend traditional notions of fair play and substantial justice.**

A. **Controlling Law.**

The concept of personal jurisdiction can be broken down into two (2) categories: (1)

specific jurisdiction; and, (2) general jurisdiction. *Hawkeye Gold, LLC v. China Nat'l Materials*

*Ind.*, 89 F.4th 1023, 1032 (8th Cir. 2023). Both concepts will be discussed separately because there

is no evidence to demonstrate that personal jurisdiction can be established over Radical under

either jurisdictional theory. A federal court can exercise specific personal jurisdiction over a non-

resident defendant if the plaintiff's cause of action arises out of or is directly related to the non-

resident defendant's contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

472 (1985); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). To analyze

whether the exercise of specific personal jurisdiction over a non-resident is consistent with the constitutional due process requirements of the 14th Amendment,[1] the reviewing court must determine whether the non-resident defendant purposefully establish "minimum contacts"[2] in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend "traditional notions of fair play and substantial justice[;]" and, the exercise of specific personal jurisdiction must also comply with the relevant state long-arm statute. *Hawkeye*, 89 F.4th 1023, 1032-33.

For specific personal jurisdiction to be present, the non-resident defendant's contacts with the forum State must be based on some act or conduct by which the non-resident defendant purposefully avails itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75; *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 980 (8th Cir. 2015).

For contractual claims, an out-of-state defendant's contract with a citizen of the forum state is insufficient to establish "minimum contacts." *Hawkeye, LLC*, 89 F.4th at 1032. To analyze whether a non-resident defendant "purposefully established minimum contacts" requires an evaluation of "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." Id at 1032. The analysis also requires a determination of whether the non-resident defendant has the requisite "minimum contacts" with the forum state to exercise personal jurisdiction, the reviewing court must consider the totality of the circumstances and the following factors: (1) the nature and quality of non-resident defendant's

---

[1] U.S. CONST. amend. XIV.

[2] The due process clause of the 14th Amendment to the United States Constitution protects non-resident defendants from being subject to binding judgments of a forum state with which that defendant has established no meaningful "contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and, (5) the convenience of the parties. *Hawkeye*, 89 F.4th at 1032. The first three factors are primary and carry more weight. *Id*. at 1032. As explained below, Radical's Rule 12(b)(2) motion to dismiss should be granted because Radical has no "minimum contacts" with the State of Missouri; and, the exercise of specific personal jurisdiction over Radical in the State of Missouri will offend "traditional notions of fair play and substantial justice," violating Radical's due process rights under the 14th Amendment.

   **B. This case should be dismissed for lack of specific personal jurisdiction because Radical has no "minimum contacts" with the State of Missouri. Exercising specific personal jurisdiction over Radical in the State of Missouri will offend "traditional notions of fair play and substantial justice" and violate Radical's due process rights under the 14th Amendment.**

  In the present case, this Court should not exercise specific personal jurisdiction over Radical because the evidence shows that: (1) Radical has no constitutionally significant contacts with the State of Missouri; and, (2) Radical has not purposefully availed itself of any privilege of conducting activities within the State of Missouri to invoke the benefits and protection of Missouri law. *Burger King*, 471 U.S. at 474-75. An evaluation of Radical's contacts with the State of Missouri will show that it has not engaged in any purposeful conduct in—or directed to—the State of Missouri for this Court to conclude that exercising specific personal jurisdiction over Radical is consistent with the due process requirements of the 14th Amendment. *Hawkeye, LLC*, 89 F.4th at 1032. The evidence shows that the nature, quality, and quantity of Radical's contacts with Missouri, and the relation of KAK's claims to Radical's contacts, are not sufficient to support the exercise of specific personal jurisdiction. *Id*. Texas—not Missouri—is the proper and convenient

forum for this lawsuit. *Id.* Moreover, the interest of Missouri in providing a forum for its residents is not implicated by dismissing this case for lack of personal jurisdiction. *Id.*

According to the affidavit testimony of David Spector, Radical's CEO, the nature, quality, and quantity of Radical's contacts with Missouri, and the relationship between KAK's claims to Radical's contacts, are not sufficient to support the exercise of specific personal jurisdiction:

- Radical manufactures and sells firearms and all its manufacturing and sales operations are conducted at 4413 Bluebonnet Drive Stafford, Texas 77477. (**Exhibit 1, Page 2, Paragraph 4**).

- Radical registered and incorporated in Texas as a Texas LLC. (**Exhibit 1, Page 2, Paragraph 4**).

- All of Radical's LLC members reside in Texas. (**Exhibit 2, Page 1, Paragraph 3**).

- None of Radical's LLC members reside in Missouri or any other state. (**Exhibit 2, Page 1, Paragraph 3**).

- Radical's principal place of business is in Stafford, Texas, not Missouri. (**Exhibit 1, Page 2, Paragraph 4**).

- Radical does not have any manufacturing or sales[3] operations in Missouri. (**Exhibit 1, Page 2, Paragraph 7**).

- Radical has no salespeople or sales agents in Missouri.[4] (**Exhibit 1, Page 2, Paragraph 7**).

---

[3] When it comes to sales, Radical sells its firearms to distributors who, to Mr. Spector's knowledge, are not located in Missouri. (**Exhibit 1, Page 2, Paragraph 8**). These distributors may sell Radical firearms to customers in Missouri through a local, federally licensed firearms dealer with a valid FFL permit; however, Radical does not specifically market, advertise, or sell its products directly to customers in Missouri. (**Exhibit 1, Page 2, Paragraph 8**). While it is true that Radical firearms may be purchased over the internet and obtained by the customer through a local FFL dealer, Radical has only sold thirty-four (34) firearms in this manner to customers in Missouri over the past four (4) years. (**Exhibit 1, Page 2, Paragraph 8**). During this same four (4) year period, Radical sold approximately 470,000 firearms to customers nationwide, making the internet sales to Missouri customers approximately .00007% of Radical's total firearm sales during this four (4) year time span. (**Exhibit 1, Page 2, Paragraph 8**).

[4] *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 478–79 (8th Cir. 2012) (citing *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 455 (8th Cir.1977) (finding that due process prevented jurisdiction where the contracts were not negotiated or executed in the forum, would not be performed there, the goods involved neither originated from nor were destined there, and the foreign actor employed no salesmen or agents there).

6

- Radical does not own or lease any real or personal property in Missouri. (**Exhibit 1, Page 2, Paragraph 7**).

- Radical keeps no files or records in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**).

- Radical does not hold any asset in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**).

- Radical has never advertised or marketed its products to KAK in Missouri. (**Exhibit 1, Page 3, Paragraph 10**).

- Radical does not have any bank accounts or financial accounts in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**).

- Radical does not maintain any type of office, registered address, or registered agent in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**).

- Radical does not engage in any type of continuous or systematic activities in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 8**).

The evidence discussed above shows that the basic nature, quality, and quantity of Radical's contacts with the State of Missouri are non-existent. Specific personal jurisdiction is not present because Radical has no constitutionally significant contacts with the State of Missouri.

When it comes to the nature, quality, and quantity of Radical's contacts with the State of Missouri—and the relationship between Radical's contacts and KAK's "contract" based causes of action—the evidence also shows that exercising personal jurisdiction would violate Radical's due process rights as a non-resident defendant. When it comes to the "contract" that KAK has used as a foundational basis for its claims against Radical,[5] there is nothing about the "prior negotiations"

---

[5] Radical never had a written contract with KAK. (**Exhibit 1, Page 4, Paragraph 14**). Radical never agreed to any of the terms and conditions set forth in Exhibit 1 to KAK's First Amended Complaint. (**Exhibit 1, Page 4, Paragraph 14**). Radical was unaware and had no knowledge of Exhibit 1 until after this lawsuit was filed. (**Exhibit 1, Page 4, Paragraph 14**). Radical never signed any document, or engaged in any conduct, that manifested any intention by, or willingness on the part of, Radical to be bound by any of the terms and conditions identified in Exhibit 1. (**Exhibit 1, Page 4, Paragraph 14**).

between the parties, contemplated future consequences, the terms of the "contract," or the parties'

actual course of dealing that support a determination that Radical has the requisite "minimum

contacts" with Missouri to exercise personal jurisdiction.  *Hawkeye Gold, LLC*, 89 F.4th at 1032.

The testimony from Mr. Spector's affidavit that establishes these facts is summarized as follows:

- Radical started doing business with KAK as one of KAK's customers on or about March 19, 2019.  (**Exhibit 1, Page 2, Paragraph 9**).

- To commence this relationship, KAK initiated first contact, not Radical.  (**Exhibit 1, Page 2, Paragraph 9**).

- None of these communications occurred in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 9**).

- Radical never reached out to KAK while in the State of Missouri for purposes of attempting to become a customer of KAK, or for purposes of doing any business with KAK in Missouri.  (**Exhibit 1, Page 3, Paragraph 10**).

- Radical never reached out to KAK to create, develop, or have any type of affiliation or customer relationship with KAK in Missouri.  (**Exhibit 1, Page 3, Paragraph 10**).

- During the above-referenced time period, Radical never agreed or consented to any sales terms, purchase terms, invoicing terms, or payment terms with KAK in the State of Missouri.[6]  (**Exhibit 1, Page 3, Paragraph 9**).

- Radical was unaware that KAK had any operations whatsoever in Missouri until November 30, 2023—the date that the lawsuit was filed.  (**Exhibit 1, Page 3, Paragraph 13**).

When it comes to the nature, quality, and quantity of Radical's contacts with the State of

Missouri that arise out of, or relate to, the alleged "contractual" relationship with KAK, the

evidence clearly shows that no minimum contacts are present here and Radical's Rule 12(b)(2)

motion to dismiss for lack personal jurisdiction should be granted.

---

[6] *Babb v. Bartlett*, 638 S.W.3d 97, 107 (Mo. Ct. App. 2021) (recognizing that "[f]or purposes of the long-arm statute, a contract is made where acceptance occurs.").

II. **The Court cannot exercise <u>general</u> personal jurisdiction over Radical in the State of Missouri because Radical has no continuous and systematic contacts with the forum state.**

A. **Controlling Law.**

General personal jurisdiction can be exercised over a non-resident defendant when the defendant's affiliations or contacts with the forum state are so continuous and systematic that the non-resident defendant is essentially "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014); *see also Worldwide Volkswagen Corp v. Woodson*, 444 U.S. 286 (1980). Absent exceptional circumstances, a non-resident defendant will be considered "at home" and subject to general jurisdiction when the non-resident defendant is incorporated and/or has its principal place of business in the forum state. *Daimler*, 571 U.S. at 137-39.

B. **Radical is not "at home" in Missouri because it is a Texas corporate entity and its principal place of business is in Texas; therefore, this Court should dismiss this case for lack of personal jurisdiction.**

The affidavit testimony provided by Mr. Spector shows that Radical manufactures and sells firearms and all its manufacturing and sales operations are conducted at 4413 Bluebonnet Drive Stafford, Texas 77477. (**Exhibit 1, Page 2, Paragraph 4**). Radical registered and incorporated in Texas as a Texas LLC. (**Exhibit 1, Page 2, Paragraph 4**).Radical's principal place of business is in Stafford, Texas, not Missouri. (**Exhibit 1, Page 2, Paragraph 4**). Radical does not have any manufacturing or sales operations in Missouri. (**Exhibit 1, Page 2, Paragraph 7**). Radical has no salespeople or sales agents in Missouri. (**Exhibit 1, Page 2, Paragraph 7**). Radical does not own or lease any real or personal property in Missouri. (**Exhibit 1, Page 2, Paragraph 7**). Radical does not hold any asset in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**). Radical does not have any bank accounts or financial accounts in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**). Radical does not maintain any type of office, registered address, or registered agent

in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 7**). Radical does not engage in any type

of continuous or systematic activities in the State of Missouri. (**Exhibit 1, Page 2, Paragraph 8**).

General personal jurisdiction cannot be exercised over Radical in this case because Radical's

affiliations or contacts with Missouri are neither continuous, nor systematic; and, Radical is not

essentially "at home" in the State of Missouri. *Daimler AG v. Bauman*, 571 U.S. 117, 137-39

(2014). Therefore, Radical's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction

should be granted as a matter of law.

### III. The Missouri long arm statute does not reach Radical; therefore, personal jurisdiction cannot be maintained in this Court.

#### A. Controlling Law.

Specific jurisdiction can be exercised by a federal court sitting in diversity only if

authorized by the due process clause of the 14th Amendment and the forum state's long arm statute.

*Dairy Farmers*, 702 F.3d at 475. Missouri's long-arm statute authorizes jurisdiction over any

person or firm as to any cause of action arising from the "making of any contract within this state"

or that person or firm's "transaction of any business within this state." *Dairy Farmers*, 702 F.3d

at 475 (citing MO. REV. STAT. ANN. § 506.500.1(1)-(2) (West 2023)). While the Missouri long-

arm statute extends jurisdiction to the constitutional limits of due process, "it does so only for acts

within its enumerated categories." *Dairy Farmers*, 702 F.3d at 475. The Missouri Supreme Court

has held that the legislature intended the long-arm statute "to provide for jurisdiction, within the

specific categories enumerated in the statutes, to the full extent permitted by the due process clause

of the Fourteenth Amendment." *Id*. To subject a non-resident defendant to Missouri's long arm

jurisdiction, two (2) elements must be satisfied: (1) the lawsuit must arise out of the activities

enumerated in the long arm statute; and, (2) the non-resident defendant must have sufficient

minimum contacts with Missouri to satisfy due process requirements. *Dairy Farmers*, 702 F.3d

at 475. As explained below, Radical's contacts with the State of Missouri do not satisfy either jurisdictional requirement under the Missouri long arm statute. Accordingly, Radical's motion to dismiss should be granted as a matter of law.

**B. Radical never made any contract with KAK in the State of Missouri.**

The evidence shows that Radical never made any contract with KAK in the State of Missouri; therefore, the first prong of the jurisdictional inquiry under the Missouri long arm statute cannot be satisfied here. The affidavit testimony provided by Mr. Spector shows that Radical never had a written contract with KAK that was accepted by Radical in the State of Missouri.[7] (**Exhibit 1, Page 4, Paragraph 14**). While a one (1) page sheet of "terms and conditions" is attached to KAK's complaint, Radical never agreed to any of the terms and conditions set forth in Exhibit 1 to KAK's First Amended Complaint. (**Exhibit 1, Page 4, Paragraph 14**). Radical was unaware and had no knowledge of Exhibit 1 until after this lawsuit was filed. (**Exhibit 1, Page 4, Paragraph 14**). Radical never signed any document, or engaged in any conduct, that manifested any intention by, or willingness on the part of, Radical to be bound by any of the terms and conditions identified in Exhibit 1. (**Exhibit 1, Page 4, Paragraph 14**). Moreover, Radical has never gone to the State of Missouri to initiate contact with KAK, or to solicit business from KAK. (**Exhibit 1, Page 2-3, Paragraph 9**). Radical has never been to the State of Missouri to approach or reach out to KAK for purposes of becoming a customer of KAK. (**Exhibit 1, Page 3, Paragraph 9**). Radical never agreed or consented to any sales terms, purchase terms, invoicing terms, or payment terms with KAK in the State of Missouri. (**Exhibit 1, Page 3, Paragraph 9**). Radical never agreed or consented to any sales terms, purchase terms, invoicing terms, or payment

---

[7] *Babb*, 638 S.W.3d at 107 (recognizing that "[f]or purposes of the long-arm statute, a contract is made where acceptance occurs.").

terms that created any type of performance obligation on the part of Radical in the State of Missouri.[8] (**Exhibit 1, Page 3, Paragraph 9**).  For these reasons, this Court should determine that personal jurisdiction cannot be established under Missouri's long arm statute and that Radical Rule 12(b)(2) motion to dismiss should be granted.

> ### C. Radical has not transacted business within Missouri to subject itself to the reach of Missouri's long arms statute.

The evidence shows that Radical has not transacted business within the State of Missouri to somehow subject itself to the personal jurisdiction of this Court.  (**Exhibit 1, Page 2, Paragraph 7; Page 3, Paragraph 10**).  Accordingly, this Court should determine that personal jurisdiction cannot be established under Missouri's long arm statute and that Radical Rule 12(b)(2) motion to dismiss should be granted.  *Dairy Farmers*, 702 F.3d at 476-77.

> ### IV. Radical does not reside in the Western District of Missouri; therefore, venue is improper under § 1391(b)(1) of the United States Code.  28 U.S.C.A. § 1391(b)(1) (West 2023).

The evidence cited above clearly establishes that Radical does not "reside" in the State of Missouri.  The affidavit testimony provided by Mr. Spector shows that Radical is both a citizen and resident of the State of Texas and that venue is proper in the Houston Division of the Southern District of Texas.  (**Exhibit 1, Page 2, Paragraphs 4 and 7**).  Accordingly, venue is not proper in the Western District of Missouri under § 1391(b)(1) of the United States Code.  28 U.S.C.A. § 1391(b)(1) (West 2023).  Therefore, KAK's operative complaint should be dismissed for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

---

[8] *Babb*, 638 S.W.3d at 107.

**V.    The Western District of Missouri is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; therefore, venue is improper under § 1391(b)(2) of the United States Code.  28 U.S.C.A. § 1391(b)(2) (West 2023).**

As the evidence discussed above reflects, the Western District of Missouri is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; therefore, venue is improper under § 1391(b)(2) of the United States Code.  28 U.S.C.A. § 1391(b)(2) (West 2023).  Mr. Spector testified in his affidavit that no part of KAK's claim or lawsuit in this case arose from, or relates to, any conduct by Radical in the State of Missouri, including the Western District of Missouri.  (**Exhibit 1, Page 2, Paragraph 3**).  Mr. Spector testified that all the "wrongdoing" allegedly committed by Radical in this case occurred in the State of Texas, not Missouri.  (**Exhibit 1, Page 2, Paragraph 3**).  Accordingly, venue is not proper in the Western District of Missouri under § 1391(b)(2) of the United States Code.  28 U.S.C.A. § 1391(b)(2) (West 2023).  Therefore, KAK's operative complaint should be dismissed for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

**VI.    For the convenience of parties and witnesses and in the interest of justice, Radical's motion to transfer venue under § 1404(a) of the United States Code should be granted.  28 U.S.C.A. § 1391(b)(1) (West 2023).**

This case should be transferred to the Houston Division of the Southern District of Texas for the convenience of the parties and in the interests of justice.  In his affidavit, Mr. Spector testified about the undue and unreasonable hardship Radical will experience if it is forced to litigate this case in the Western District of Missouri. (**Exhibit 1, Page 4, Paragraph 17**).  Mr. Spector testified that, if this case is allowed to go forward in the Western District of Missouri, Radical will be severely inconvenienced.  (**Exhibit 1, Page 4, Paragraph 17**).  All the key fact witnesses who

would testify on behalf of Radical are located in Texas. (**Exhibit 1, Page 4, Paragraph 17**). To properly defend itself in this lawsuit, all the BCG's at issue in this case (which number in the thousands) will need to be inspected, examined and evaluated at Radical's office in Stafford, Texas for purposes of determining whether these component parts do—or do not—comply with Radical's manufacturing specifications. (**Exhibit 1, Page 4, Paragraph 17**). The BCG's at issue in this case are component firearm parts. (**Exhibit 1, Page 4, Paragraph 17**). These items cannot be easily shipped or transported to the Western District of Missouri because of the sheer number of BCG's that need to be inspected, examined and evaluated. (**Exhibit 1, Page 4, Paragraph 17**). This evaluation process cannot be done in Missouri. (**Exhibit 1, Page 4, Paragraph 17**). All the equipment needed to properly perform these inspections, examinations and evaluations is located in Stafford, Texas. (**Exhibit 1, Page 4, Paragraph 17**). All the people needed to properly perform these inspections, examinations and evaluations are located in Stafford, Texas. (**Exhibit 1, Page 4, Paragraph 17**).

Additionally, having to travel to the Western District of Missouri will impose an unreasonable burden on Radical. (**Exhibit 1, Page 4, Paragraph 17**). The distance to be traveled from Radical's office in Stafford, Texas to Kansas City, Missouri is over 800 miles. (**Exhibit 1, Page 4, Paragraph 17**). The unreasonable travel burden will be compounded by the increased expense of having to travel this distance, including having to pay for airfare to and from Kansas City, Missouri, having to pay for increased food and lodging costs for having to travel this distance, as well as fact witness and employee time away from work to appear at trial and/or other court proceedings in Kansas City, Missouri. (**Exhibit 1, Page 4, Paragraph 17**). Accordingly, this case should be transferred to the Houston Division of the Southern District of Texas for the convenience of the parties and in the interests of justice.

## CONCLUSION AND PRAYER

For the reasons stated above, Radical prays that: (1) its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction be granted; (2) its Rule 12(b)(3) motion to dismiss for improper venue be granted; and/or, alternatively, that its motion to transfer venue under § 1404(a) of the United States Code be granted and this case be transferred to the Houston Division of the Southern District of Texas. Radical also prays for all other relief this Court deems proper.

Respectfully submitted,

**DEAN LAW FIRM**

*/s/ J. Christopher Dean*
J. Christopher Dean
Texas Bar No. 00793596 (*admitted pro hac vice*)
1201 Shepard Drive
Houston, Texas 77007
Telephone: (281) 280-8900
Facsimile:  (281) 280-8901
Email:  dean@jamesdeanlaw.com

—and—

J. Todd Trombley
Texas Bar No. 24004192 (*admitted pro hac vice*)
**The TROMBLEY LAW FIRM, PLLC**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Cell:  (713) 515-2788—Best Number
Telephone: (713) 322-4215
Facsimile:  (713) 677-0005
Email: todd@trombleylaw.com

—and—

Brett C. Randol
Missouri Bar No. 57699
ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.
5250 West 116th Place, Suite 400
Overland Park, Kansas 66211
Telephone: (913) 387-1600
Fax: (913) 928-6739
Email:  brandol@rousepc.com

**ATTORNEYS FOR DEFENDANT RADICAL FIREARMS, LLC**

## CERTIFICATE OF SERVICE

I certify that on April 8, 2024, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's electronic filing system:

*/s/ J. Christopher Dean*
J. Christopher Dean