IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KAK INDUSTRY, LLC, A MISSOURI LIMITED LIABILITY COMPANY, § § § § | |
| Plaintiff, § § | Case No. 4:23-cv-00875-BP |
| v. § § | |
| RADICAL FIREARMS, LLC, A TEXAS LIMITED LIABILITY COMPANY, § § § § | |
| Defendant. § | |

## AFFIDAVIT OF DAVID SPECTOR

STATE OF TEXAS §
§
COUNTY OF FORT BEND §

Before me, the undersigned notary public, did appear David Spector, who, after being duly sworn, did upon his oath testify as follows:

1. My name is David Spector. I am over the age of eighteen (18), of sound mind, and I am fully capable of making this affidavit. I have personal knowledge of all the facts and information contained in this affidavit and these facts are true and correct.

2. I am the CEO of Radical Firearms, LLC ("Radical"). I have held this position since May 5, 2014 (date). Based on my position and my job duties with Radical, I am familiar with and have personal knowledge of the facts of this case. I am also familiar with Radical's business and Radical's operations in the State of Texas. As a part of preparing this affidavit, I have reviewed KAK Industry, LLC's ("KAK") First Amended Complaint and Exhibit 1 attached to the First Amended Complaint.

3. Based on my position and my job duties with Radical, I am also familiar with, and have personal knowledge of, the business relationship between Radical and KAK, including, but not limited to: (1) when Radical started doing business with KAK; (2) how this business relationship was formed; (3) where this business relationship was formed; and, (4) when and why Radical stopped doing business with KAK. Based on my position and my job duties with Radical, I am familiar with where Radical does business, including whether Radical does business in the State of Missouri. As explained in detail below, Radical does not do business with KAK in the State of Missouri

4. Radical is registered and incorporated as an LLC in the State of Texas. Radical's principal place of business is the State of Texas. Radical manufactures and sells firearms and all its manufacturing and sales operations are run from its office located at 4413 Bluebonnet Drive Stafford, Texas 77477.

5. It is my understanding that this lawsuit has been filed in the Western District of Missouri. Radical is not organized as an LLC under the laws of Missouri. Radical is not registered to conduct any business in the State of Missouri, including the Western District of Missouri, and does not reside in Missouri. Before this lawsuit, Radical has never been sued by anyone in the State of Missouri, including the Western District of Missouri. Radical has never availed itself of any judicial remedy or any of the judicial resources located in the State of Missouri, including the Western District of Missouri.

6. No part of KAK's claim or lawsuit in this case arose from, or relates to, any conduct by Radical in the State of Missouri, including the Western District of Missouri. No part of KAK's claim against Radical occurred as a direct or proximate result of conduct by Radical in the State of Missouri, including the Western District of Missouri. No substantial part of the BCG's at issue in this case are located in the State of Missouri. All the wrongdoing allegedly committed by Radical in this case occurred in the State of Texas, not Missouri.

7. Radical does not have any manufacturing or sales operations in Missouri. Radical has no salespeople or sales agents in Missouri. Radical does not own or lease any real or personal property in Missouri. Radical keeps no files or records in the State of Missouri. Radical does not hold any asset in the State of Missouri. Radical does not have any bank accounts or financial accounts in the State of Missouri. Radical does not maintain any type of office, registered address, or registered agent in the State of Missouri. Radical does not engage in any type of continuous or systematic activities in the State of Missouri.

8. When it comes to sales, Radical sells its firearms to distributors who, to my knowledge, are not located in Missouri. These distributors may sell Radical firearms to customers in Missouri through a local, federally licensed firearms dealer with a valid FFL permit; however, Radical does not specifically market, advertise, or sell its products directly to customers in Missouri. While it is true that Radical firearms may be purchased over the internet and obtained by the customer through a local FFL dealer, Radical has only sold thirty-four (34) firearms in this manner to customers in Missouri over the past four (4) years. During this same four (4) year period, Radical sold approximately 470,000 firearms to customers nationwide, making the internet sales to Missouri customers approximately .00007% of Radical's total firearm sales during this four (4) year time span.

9. Radical started doing business with KAK as one of KAK's customers in MARCH 19, 2019 (date). To commence this relationship, KAK initiated first contact, not Radical. In other words, KAK approached Radical about selling its products—including BCG's—to Radical. None of these communications occurred in the State of Missouri. Radical

**EXHIBIT 1**

has never gone to the State of Missouri to initiate contact with KAK, or to solicit business from KAK. Radical never went to the State of Missouri to approach or reach out to KAK for purposes of becoming a customer of KAK. During this time, Radical never agreed or consented to any sales terms, purchase terms, invoicing terms, or payment terms with KAK in the State of Missouri. During this time, Radical never agreed or consented to any sales terms, purchase terms, invoicing terms, or payment terms that created any type of performance obligation on the part of Radical in the State of Missouri.

10. Radical has never advertised or marketed its products to KAK in Missouri. Radical never reached out to KAK while in the State of Missouri for purposes of attempting to become a customer of KAK, or for purposes of doing any business with KAK in Missouri. Radical never reached out to KAK to create any type of business relationship or contractual obligations with KAK in Missouri. Radical never reached out to KAK to create, develop, or have any type of affiliation or customer relationship with KAK in Missouri.

11. Radical has never sent any employee or representative to Missouri to purchase any KAK product, including the bolt carrier groups ("BCG's") at issue in this case. Radical has never sent any employee or representative to Missouri to request or obtain sample products from KAK to determine whether KAK's products, including sample BCG's, were compatible with Radical's firearms. Radical has never sent any employee or representative to Missouri to meet with any KAK employee or representative for purposes of verifying whether any of the BCG's at issue in this case fulfilled any of Radical's manufacturing specifications or standards.

12. Sometime in 2019 or 2020—at the Shot Show in Las Vegas, Nevada—an agent or representative with KAK approached Wade Chien, an employee of Radical, about trying to develop Radical as a customer of KAK. At the show, no representations were made to Radical by any employee or representative of KAK that KAK had any operations whatsoever in Missouri. At the show, the KAK representative provided Mr. Chien with sample BCG's manufactured by KAK. Unfortunately, these BCG's were confiscated at the airport and were not allowed on the return flight to Houston, Texas. After the show, KAK contacted Mr. Chien at Radical's office in Stafford, Texas about the BCG's. Mr. Chien informed the KAK representative that the BCG's provided at the show were confiscated at the airport in Las Vegas. In response, the KAK representative sent another set of BCG's to Radical's office in Stafford, Texas from KAK's operational headquarters in California, not Missouri. At no time during the above-referenced time period, did Radical travel or come to the State of Missouri to obtain these sample BCG's. Instead, these sample BCG's were shipped to Radical from KAK's operational headquarters in California.

13. Based on the representations of KAK during this time, Radical believed and understood KAK to be located and headquartered in California, not Missouri. At all times relevant to this lawsuit, Radical never knew, believed, or understood that it was affiliating itself with, or doing business with, a company located in Missouri. Radical believed it was

affiliating itself with and doing business with a company located in California. Radical was unaware that KAK had any operations whatsoever in Missouri until 11-30-2023 (date)—the date that the lawsuit was filed.

14. Radical never had a written contract with KAK and Radical never agreed to any of the terms and conditions set forth in Exhibit 1 to KAK's First Amended Complaint. Radical was unaware and had no knowledge of Exhibit 1 until after this lawsuit was filed. Radical never signed any document, or engaged in any conduct, that manifested any intention by, or willingness on the part of, Radical to be bound by any of the terms and conditions identified in Exhibit 1.

15. When Radical purchased products from KAK, the purchase orders were sent to KAK's operational headquarters in California, not Missouri. When KAK filled a purchase order, the invoice was sent from—and the products were shipped from—KAK's operational headquarters in California, not Missouri. To the best of my knowledge, all the KAK products at issue in this case were shipped to Radical from KAK's office address and headquarters in California, not Missouri.

16. When Radical had to communicate with KAK employees or representatives about purchasing, shipping, and paying invoices, all communications were made to KAK employees or representatives located in California, not Missouri. When Radical had to communicate with KAK employees or representatives about the problems associated with the BCG's manufactured by KAK, all communications were made to KAK employees or representatives located in California, not Missouri. Radical has never been asked to communicate with anyone from KAK in the State of Missouri.

17. Finally, if this case is allowed to go forward in the Western District of Missouri, Radical will be severely inconvenienced. All the key fact witnesses who would testify on behalf of Radical are located in Texas. To properly defend itself in this lawsuit, all the BCG's at issue in this case (which number in the thousands) will need to be inspected, examined and evaluated at Radical's office in Stafford, Texas for purposes of determining whether these component parts do—or do not—comply with Radical's manufacturing specifications. The BCG's at issue in this case are component firearm parts. These items cannot be easily shipped or transported to the Western District of Missouri because of the sheer number of BCG's that need to be inspected, examined and evaluated. This evaluation process cannot be done in Missouri. All the equipment needed to properly perform these inspections, examinations and evaluations is located in Stafford, Texas. All the people needed to properly perform these inspections, examinations and evaluations are located in Stafford, Texas. Having to travel to the Western District of Missouri, will impose an unreasonable burden on Radical. The distance to be traveled from Radical's office in Stafford, Texas to Kansas City, Missouri is over 800 miles. The unreasonable travel burden will be compounded by the increased expense of having to travel this distance, including having to pay for airfare to and from Kansas City, Missouri, having to pay for increased food and lodging costs for having to travel this distance, as well as fact witness and employee time away from work to appear at trial and/or other court proceedings in Kansas City, Missouri.

Signed on this the __6__ day of March, 2024.

_____
David Spector

Sworn and subscribed to before me, the undersigned notary public, on this the 6th day of March, 2024.

> ASHLYN ANNE WILCOX
> Notary Public, State of Texas
> Comm. Expires 06-15-2024
> Notary ID 132521127

_____
Notary Public in and for
The State of Texas

SEAL