IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KAK INDUSTRY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-00875-CV-W-BP |
| | ) |
| RADICAL FIREARMS, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO
DISMISS OR TRANSFER**

Plaintiff KAK Industry, Inc., a manufacturer of firearms, filed this suit, asserting breach of contract and other claims arising from its allegation that Defendant Radical Firearms, LLC, one of its customers, has not paid money it owes. Defendant has filed a Motion seeking (1) dismissal for lack of personal jurisdiction, (2) dismissal for improper venue, or (3) transfer for convenience of the parties. The Motion, (Doc. 16), is **DENIED**.

**I. BACKGROUND**

According to the Amended Complaint, "[s]ince 2019, pursuant to the parties' purchase order agreements, [Plaintiff] has shipped and invoiced to [Defendant] nearly $8 million in product, including over $1 million in product in 2023," and there are as-yet unfilled purchase orders from Defendant outstanding. (Doc. 5, ¶ 8.) However, as of November 2, 2023, Defendant owed approximately $494,000 for goods (apparently, firearm parts) shipped and invoiced by Plaintiff. (Doc. 5, ¶¶ 11-14.) Plaintiff has asserted claims for breach of contract, action on account, and promissory estoppel. A fourth count seeks a declaration that the goods conformed to Defendant's specifications, were not defective, and did not damage Defendant's business reputation.

The remaining relevant facts are disputed. In the interest of clarity, the Court will discuss those facts as part of its legal analysis in Part II, below.

## II. DISCUSSION

### A. Personal Jurisdiction

There are two types of personal jurisdiction: general and specific. "General jurisdiction, as its name implies, extends to any and all claims brought against a defendant. Those claims need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quotation omitted). Corporations and other entities are subject to general jurisdiction in the state(s) where they (1) are incorporated and (2) have their principal place of business. *E.g.*, *id.* at 359. Defendant is a Texas LLC and its principal place of business is in that state, so it is not subject to general jurisdiction in Missouri.

This leaves specific jurisdiction, which "arises out of or is related to a defendant's contacts with the forum state." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003). "[T]he Supreme Court has emphasized that, for specific jurisdiction to exist, the defendant must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State, such as directing its activities at the forum or targeting forum residents." *Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 953 (8th Cir. 2022) (quotation omitted). The Eighth Circuit has adopted a five-factor test to evaluate whether a defendant's contacts with the forum state are sufficient to create personal jurisdiction. "The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties." *Fastpath*, 760 F.3d 816, 821 (8th Cir. 2014). Personal

2

jurisdiction exists if these factors suggest Defendant purposely availed itself of the privilege of conducting activities in Missouri, such that it could reasonably anticipate defending claims such as Plaintiff's in Missouri. *E.g.*, *Acuity v. Rex, LLC*, 929 F.3d 995, 1002 (8th Cir. 2019); *Creative Calling Sols., Inc. v. LF Beauty Ltd*, 799 F.3d 975, 980 (8th Cir. 2015).

There are additional guiding principles in a case (such as this) involving a contractual relationship. Plaintiff is a Missouri LLC with its principal place of business in this state, but the fact that Defendant entered a contract with a Missouri business, alone, does not subject it to personal jurisdiction in this state. *E.g.*, *Creative Calling*, 799 F.3d at 980. "'For contractual claims, personal jurisdiction is proper where the defendant reaches out beyond one state and creates continuing relationships and obligations with citizens of another state.'" *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1036 (8th Cir. 2023) (quoting *Creative Calling*, 799 F.3d at 980) (cleaned up). The Court must also "evaluate prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Creative Calling*, 799 F.3d at 980 (quotation omitted).

"While [Plaintiff] bear[s] the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." *Epps*, 327 F.3d at 647. Until an evidentiary hearing is held, "the action should not be dismissed for lack of jurisdiction if the evidence, viewed in the light most favorable to [Plaintiff], is sufficient to support a conclusion that the exercise of personal jurisdiction . . . is proper." *Creative Calling*, 799 F.3d at 979; *see also Hawkeye Gold*, 89 F.4th at 1030. The Court has not held a hearing, and no party has suggested one be held.[1] Therefore, the Court focuses on the facts presented by

---

[1] Absent an agreement of the parties or an Order from the Court, discovery would not have commenced until the parties conducted a Rule 26 conference. Fed. R. Civ. P. 26(d)(1). While the Court does not know when that conference was held, it observes the parties did not file a Proposed Scheduling Order until June 4, 2024. The Court further notes

3

Plaintiff and views them in the light most favorable to Plaintiff, even though some of them are disputed by Defendant.

Plaintiff has presented an affidavit from Christopher Andrews, its Director of Business Development, which generally confirms the existence of a business relationship between the parties extending over the course of several years, during which Defendant purchased millions of dollars' worth of merchandise from Plaintiff. Andrews also avers that Defendant's sales representative, Will Chien, initiated contact with Plaintiff in May 2018. (Doc. 19-1, ¶¶ 3, 4.) Attached to Andrews's affidavit is a copy of the purported email whereby Chien initiated contact. (Doc. 19-1, p. 7.)[2] Defendant has forwarded payment for its orders to Plaintiff's bank in Missouri. (Doc. 19-1, ¶ 5.) Through Andrews's discussion with Chien and other representatives, Defendant was aware the merchandise it ordered was manufactured in, and shipped from, Missouri. (Doc. 19-1, ¶¶ 8-9.) The Bills of Lading accompanying the shipments confirm they originated in Missouri. (Doc. 19-1, pp. 15-17.) Finally, Andrews states that Defendant took possession of the goods it purchased in, and arranged for the transportation from, Missouri. (Doc. 19-1, ¶¶ 12-13.) The attached Bills of Lading confirm at least that Defendant paid the freight company directly for shipping. (Doc. 19-1, pp. 15-17.)

Defendant relies heavily on an affidavit from its CEO, David Spector, who counters some (but not all) of these facts. It also argues Plaintiff has failed to meet its burden because it did not provide documentary evidence to support Andrews's statements. However, given the early stage of the case and the fact that the Court is not conducting a hearing to resolve the Motion, Plaintiff need only present a prima facie case supporting jurisdiction. With that in mind, the Court

---

the Docket does not reflect any discovery has been conducted. Thus, it does not appear the parties are presently prepared for a hearing.

[2] All page numbers are those generated by the Court's CM/ECF system.

concludes Plaintiff has carried its burden at this stage of the case. Andrews's affidavit establishes the existence of a multi-year business arrangement originally initiated by Defendant. During their relationship, Defendant contacted Plaintiff numerous times to place orders for goods. Defendant knew (1) Plaintiff was located in Missouri, (2) the products were manufactured in Missouri, and (3) its payment was sent to Plaintiff in Missouri. Plaintiff has also provided some reason to believe Defendant took delivery of the goods in Missouri. While Spector disputes some of these facts, he does not discuss several matters discussed in Andrews's affidavit (including particularly Chien's actions); regardless, the Court must view the facts in the light most favorable to Plaintiff. Under that standard, Plaintiff has presented a prima facie case demonstrating Defendant directed its activity into, and availed itself of the privilege of doing business in, Missouri, and it is reasonable for it to have expected to be sued in Missouri based on activities related to those contacts.[3]

As stated, this determination has been made without the benefit of a hearing. The Court's denial of Defendant's Motion is therefore necessarily without prejudice to its right to assert its arguments later in this litigation.

## B. Venue

Defendant argues that venue is improper because it is not a resident of Missouri. The Court disagrees.

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). There is only one defendant in this case, so venue is proper if Defendant resides in this district. It argues it is only a resident of Texas, but this is not necessarily correct. When an entity (such as an LLC) is a

---

[3] Missouri's long arm statute applies "to any cause of action arising from . . . [t]he transaction of any business within this state [or t]he making of any contract within this state." Mo. Rev. Stat. § 506.500(1), (2). For the reasons discussed in the text, the Court concludes Plaintiff has presented a prima facie case demonstrating Defendant transacted business or made contracts in Missouri, thereby satisfying the long arm statute.

5

defendant, for purposes of the venue statute it is a resident "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Id*. § 1391(c)(2). Therefore, venue is proper if Defendant is subject to personal jurisdiction in this District—so for the reasons discussed in Part II.A above, the case will not be dismissed for improper venue.

### C. Transfer for Convenience of the Parties

Finally, Defendant argues the case should be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *See also Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Court considers several factors in determining the "interest of justice," including "the plaintiff's choice of forum," "conflict of law issues," and "the advantages of having a local court determine questions of local law." *Id.* at 696; *see also Atlantic Marine Const. Co. v U.S. Dist. Court for the W. Dist. of TX*, 571 U.S. 49, 62 n.6 (2013). Finally, "[m]erely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." *Terra Int'l*, 119 F.3d at 696–97 (quotation omitted).

Defendant relies on Spector's affidavit to argue it will be inconvenienced if the suit remains in this District because the goods at issue "(which number in the thousands) will need to be inspected, examined and evaluated" to determine whether they "do—or do not—comply with [Defendant's] manufacturing specifications." (Doc. 16-1, ¶ 17.) Spector further describes the difficulty (if not near impossibility) involved in transporting the goods to Missouri for testing. However, accepting that the goods need to be inspected and evaluated, Defendant does not explain why the testing must take place in Missouri. Therefore, the fact the products may need to be tested

does not create an inconvenience justifying transfer out of the forum selected by Plaintiff. And, once that matter is removed from consideration, the remaining arguments for transferring the case would only shift any inconveniences from Plaintiff to Defendant—which, as stated above, is not a valid reason to change venue.

### III. CONCLUSION

Defendant's Motion to Dismiss or, in the Alternative, Transfer, (Doc. 16), is **DENIED**.

**IT IS SO ORDERED.**

Date: July 25, 2024

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT